UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BLACKWALL GROUP, LLC,
a Florida Limited Liability Company,

       Plaintiff,

v.

SICK BOY, LLC, a Rhode Island
Limited Liability Company,

       Defendant.

_____/

Case No.: 6:10-cv-1620-Orl-31DAB

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff, BLACKWALL GROUP, LLC (hereinafter "Plaintiff" or "Blackwall") sues Defendant, SICK BOY, LLC (hereinafter "Defendant"), and states as follows:

1. This is a declaratory action brought by the Plaintiff, BLACKWALL GROUP, LLC, seeking a declaratory judgment establishing that the Plaintiff's use of the trade name "SICKBOY'S BAD HABIT LOUNGE" and the domain "sickboys.com," as well as the logo artwork used on the Plaintiff's website and other advertising, do not infringe on the trademark rights held by the Defendant.

2. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

## THE PARTIES

3. Plaintiff Blackwall is a limited liability company organized under the laws of the State of Florida, with a principal place of business in Daytona Beach, Florida. Plaintiff operates a restaurant and lounge called SICKBOY'S BAD HABIT LOUNGE

(the "Lounge") in Daytona Beach, Florida, which sells food and drinks to the general public.

4. Defendant is a limited liability company organized under the laws of the State of Rhode Island, with its principal place of business in Cumberland, Rhode Island. Defendant sells motorcycle-oriented clothing throughout the United States, including in Daytona Beach, Florida.

5. This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338. Further, this Court has supplemental jurisdiction to address any state law issues under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant in that it offers its products and services in the State of Florida, and regularly conducts business with customers in the State of Florida.

7. Venue is proper in this District and Division under 28 U.S.C. §§ 1391(b)(2) and 1391(c) in that a substantial portion of the events leading to this dispute occurred therein.

## FACTUAL ALLEGATIONS

8. Plaintiff opened the Lounge in Daytona Beach, Florida in September, 2010. Attached as Exhibit "A" is a photograph showing the Lounge's logo and signage. As shown in this Exhibit, the logo for the Lounge consists of the possessive word "Sickboy's" along with "Bad Habit Lounge." Additionally, the "o" in "Sickboy's" depicts a flaming vinyl record to suggest the "rock and roll" atmosphere found in the Lounge.

9. Plaintiff also operates a website located at www.sickboys.com, www.sickboysbadhabitlounge.com, and www.badhabitlounge.com ("domain names") – all of which serve to inform the public about the Lounge. The website provides the Lounge's menu, and the website also informs the public of upcoming events at the Lounge.

10. In addition to traditional marketing methods, the Lounge has used a "rat rod" to advertise the Lounge. Attached as Exhibit "B" is a photograph which shows the rat rod. Exhibit "B" also features a cropped section showing the full logo for the Lounge.

11. Upon information and belief, Defendant's business is known as "Sick Boy Motorcycles" to the consuming public and is engaged primarily in the business of manufacturing t-shirts and other clothing items for motorcycle enthusiasts. In connection with this focus on motorcycle enthusiasts, Plaintiff understands that Defendant sets up itinerate sales kiosks or booths at cities hosting motorcycle events, such as "Biketoberfest" and "Bike Week" in Daytona Beach, Florida.

12. On October 7, 2010, undersigned attorney, Kevin Wimberly, Esq., was copied on an e-mail sent to Plaintiff from Michael H. Feldhuhn, Esq., demanding that Plaintiff cease any further use of the term "Sickboy's" as part of its name and alleging that Plaintiff's use of the sickboys.com domain name was an act of "cyberpiracy" (the "cease and desist e-mail").

13. Defendant appears to be the owner/registrant of United States Patent and Trademark Office Registration No. 2,510,347 for "SICK BOY" for use with "t-shirts, sweatshirts, jackets, hats."

14. In response to the cease and desist e-mail, on October 14, 2010, undersigned counsel transmitted a letter to Mr. Feldhuhn explaining why his client was mistaken in believing that Plaintiff infringed Defendant's trademark. Attached as Exhibit "C" is a copy of the letter. In part, the letter explains that no trademark infringement occurred given; 1) the widespread use and popular understanding of the term "sick boy;" and, 2) the fact that the parties' respective goods and services are not similar.

15. Subsequent to the initial correspondence, counsel for the parties' attempted to negotiate a resolution to the dispute but were unsuccessful in doing so.

16. On October 28, 2010, Mr. Feldhuhn e-mailed Mr. Wimberly and indicated that the Defendant intended to "initiate legal proceedings without further notice" if Plaintiff did not immediately cease using SICKBOY'S BAD HABIT LOUNGE as the name if its lounge. Attached as Exhibit "D" is a copy of the e-mail. As shown, the focus of Defendant's agitation relates to events which transpired at "Biketoberfest," which occurs in Daytona Beach, Florida, each October.

17. Believing that its use of SICKBOY'S BAD HABIT LOUNGE for use with a restaurant or lounge does not infringe Defendant's mark for its t-shirt company, and faced with Defendant's clear intent to initiate legal proceedings, Plaintiff has elected to initiate the instant action.

18. There is a *bona fide* and substantial controversy between the parties, and Plaintiff has been threatened with imminent legal action by Defendant.

19. Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment – No Trademark Infringement – 15 U.S.C. §§ 1114, 1125)

20. Blackwall restates and re-alleges paragraphs 1-19 in their entirety as if fully stated herein.

21. Because of Defendant's actions and statements, including the statements in the cease and desist e-mail and subsequent correspondence with Mr. Feldhuhn, an actual and substantial controversy exists between the parties based on events occurring in this District and Division, and Defendant has already indicated that it intends to initiate litigation "without notice" against Plaintiff should Plaintiff not capitulate to Defendant's overreaching demands concerning its alleged trademark rights.

22. Specifically, Defendant alleges that Plaintiff's use of SICKBOY'S BAD HABIT LOUNGE in connection with its restaurant and lounge services infringes Defendant's SICK BOY trademark registration for clothing.

23. Plaintiff disputes these allegations and contends that its use of SICKBOY'S BAD HABIT LOUNGE is not violative of 15 U.S.C. §§ 1114, 1125, or any other unfair competition laws.

24. Plaintiff Blackwall is therefore in need of, and entitled to, a judicial determination as to each party's respective legal rights, interests, obligations and liabilities as they pertain to the operation of SICKBOY'S BAD HABIT LOUNGE.

### SECOND CLAIM FOR RELIEF
(Declaratory Judgment – No Violation of the Anticybersquatting Consumer Protection Act – 15 U.S.C. §1125(d))

25. Blackwall restates and re-alleges paragraphs 1-19 in their entirety as if fully stated herein.

26. Defendant has alleged and threatened that Plaintiff's use of the domain name, www.sickboys.com, constitutes cyberpiracy. Plaintiff believes that this threat from Defendant was intended to invoke potential claims under 15 U.S.C. § 1125(d).

27. Plaintiff did not have, nor does it currently have, a bad faith intent to profit from Defendant's mark by registering and/or using any and all domains utilized to promote its Sickboy's Bad Habit Lounge. Plaintiff's use of the domains is a good faith use based on, *inter alia,* Plaintiff's *bona fide* offering of services and desire to invoke the widely-understood popular culture meaning of the term "sick boy" which preceded both parties' businesses.

28. Plaintiff Blackwall is therefore in need of, and entitled to, a judicial determination as to each party's legal rights, interests, obligations and liabilities as they pertain to Plaintiff's operation of www.sickboys.com and any other domain name on which Defendant is basing its cyberpiracy claims.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Blackwall requests that this Court enter a declaratory judgment in its favor granting the following relief:

1. Declaring that Plaintiff's use of SICKBOY'S BAD HABIT LOUNGE in connection with its restaurant and bar services, websites, and related promotional merchandise is lawful and does not infringe upon any valid state, federal, or common law

trademark rights held by Defendant and that such activities do not constitute unfair competition;

2. Declare that Plaintiff's operation and ownership of its domain names does not constitute cybersquatting;

3. Declare that Plaintiff's use of its business name and ownership/operation of its domain names do not constitute a violation of any legal right that may be asserted by Defendant; and,

4. Such further relief as is necessary proper under the circumstances.

DATED: November 2, 2010

WALTERS LAW GROUP

_____
Lawrence G. Walters
Fla. Bar No. 776599
Larry@FirstAmendment.com
Kevin W. Wimberly
Fla. Bar No. 0057977
Kevin@FirstAmendment.com
781 Douglas Avenue
Altamonte Springs, FL 32714
(407) 975-9150 (phone)
(407) 774-6151 (fax)

Attorneys for Plaintiff Blackwall Group, LLC